UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ARTECIA BEHROOZI,<br>      Plaintiff, | :<br>:<br>: |
| v. | :    C.A. No. 18-400JJM |
| STATE OF RHODE ISLAND FAMILY<br>COURT, J. BEDROSIAN, J. DISEGNA,<br>J. DAMBRA, J. JOHN E. MCCANN, III,<br>      Defendants. | :<br>:<br>:<br>:<br>: |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On July 18, 2018, Plaintiff Artecia Behroozi filed *pro se* a complaint, together with a motion for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. The IFP motion, which has been referred to me, renders this case subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B). Based on my review[1] of the operative complaint,[2] I find that it is frivolous and malicious, fails to state a claim upon which relief may be granted and seeks monetary damages from defendants who are immune. Accordingly, I recommend the case be summarily dismissed. 28 U.S.C. § 636(b)(1)(B); see Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Relatedly, I recommend that the IFP motion be denied as moot.

**I.    Screening of the Complaint**

---

[1] Because Plaintiff is *pro se*, I have employed a liberal construction of her complaint. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

[2] This report and recommendation is focused on the complaint as originally filed on July 18, 2018. ECF No. 1. On August 3, 2018, Plaintiff filed a motion to amend her complaint, ECF No. 3, but did not accompany her motion with a copy of the amended pleading. However, the motion makes clear that the new complaint "maintains the allegations against the same defendants from the original complaint." ECF No. 3. Because the judicial status of the defendants is the basis for my recommendation of summary dismissal, the motion to amend does not affect my recommendation. Although the motion to amend was not required in that Plaintiff is permitted to amend her pleading once as a matter of course until twenty-one days after service, Fed. R. Civ. P. 15(a)(1)(A), Plaintiff having made the motion, it is denied as futile in a separate text order.

This is Plaintiff's third case arising from her dissatisfaction with her divorce, which was litigated in the Rhode Island Family Court. First, she unsuccessfully sued the volunteer attorney (Allen Kirshenbaum) who represented her in connection with certain aspects of the divorce. Behroozi v. Kirshenbaum, 128 A.3d 869, 871 & n.1 (R.I. 2016) (affirming summary judgment against plaintiff on legal malpractice claims). Next, she attempted to sue her ex-husband in this Court. Behroozi v. Behroozi, C.A. No. 15-536WES. In that case, her initial complaint was dismissed with leave to amend in reliance on Irish v. Irish, 842 F.3d 736 (1st Cir. 2016), because it fell within the scope of the domestic relations exception to federal diversity jurisdiction. Then, in 2017, her amended complaint was dismissed, terminating the case, because the essence of the pleading remained the relitigation of the property settlement agreement ending her marriage. See Behroozi v. Behroozi, C.A. No. 15-536 S, 2017 WL 1906616, at *1 (D.R.I. May 9, 2017) (rejecting amended complaint because it is still seeking to relitigate property settlement agreement entered in Family Court).

Significantly for purposes of the screening of Plaintiff's latest complaint, in the 2017 amended complaint, Plaintiff added new defendants, whom she identified as the "Judges for the Rhode Island Family Court" and the "Family Court." Behroozi, C.A. No. 15-536S, 2017 WL 1944190, at *1 (D.R.I. Apr. 12, 2017), R. & R. adopted, 2017 WL 1906616 (D.R.I. May 9, 2017). This Court specifically considered the viability of this amendment and held that Plaintiff's claims against the family court judges, as well as those against the court itself, are independently subject to dismissal for failure to state a claim based on the absolute immunity of judicial officers. See Behroozi, 2017 WL 1906616, at *1 (all claims against Rhode Island Family Court and its judges dismissed for failure to state a claim upon which relief may be granted). This holding rests on the well settled principle that judicial officers and courts, acting

in a judicial capacity, are protected from suit by absolute immunity. See, e.g., Forrester v. White, 484 U.S. 219, 225-28 (1988) (absolute judicial immunity originated in medieval times to discourage collateral attacks on judicial decision making and to insulate judges from vexatious actions by disgruntled litigants); Uzamere v. United States, No. 13-505 S, 2013 WL 5781216, at *8 (D.R.I. Oct. 25, 2013), aff'd, No. 13-2454, slip op. (1st Cir. Apr. 11, 2014) ("When performing their respective functions, legislators, judicial officers and prosecutors are all protected by absolute immunity.") (citing cases).

Plaintiff's newest case reprises her failed attempt to sue the Rhode Island Family Court, this time naming four specific justices, as well as the court itself. As in the case dismissed in 2017, Plaintiff alleges that the Family Court denied her the ability to "access court" for the purpose of relitigating the property settlement agreement by enforcing the forum selection clause in the final divorce judgment. ECF No. 1 at 10. She claims that the judges contravened her right to substantive due process under the Fourteenth Amendment and seeks a declaration of unconstitutionality, a permanent injunction, damages based on her past and present litigation expenses against her ex-husband, and a court order for appointment of a forensic accountant to assist in relitigating alimony and her entitlement to marital assets. ECF No. 1 at 12.

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); Denton, 504 U.S. at 32-33; Neitzke v. Williams, 490 U.S. 319, 325 (1989). Because the instant complaint names only the court and four of its judges and the claims are exclusively based on actions taken in their judicial capacity, all of the named defendants are protected by absolute immunity. Therefore, Plaintiff's complaint should

be summarily dismissed for failure to state a claim and because it seeks monetary damages from defendants who are immune.[3] Fiore v. Capineri, C.A. No. 11-064L, 2011 WL 972430, at *2 (D.R.I. Mar. 3, 2011) ("A complaint may also be dismissed under Section 1915(e)(2) if it is barred by the doctrine of judicial immunity."). Because this is the second time that Plaintiff has purported to sue justices of the Rhode Island Family Court, I recommend that the complaint also be dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Uzamere, 2013 WL 5781216, at *17 (complaint may be malicious if it duplicates allegations previously dismissed).

## II. Conclusion

Based on the foregoing, I recommend that Plaintiff's complaint (ECF No. 1) be dismissed as frivolous and malicious, for failure to state a claim and because it seeks monetary damages from defendants who are immune. See 28 U.S.C. § 1915(e)(2)(B). I also recommend that her motion to proceed *in forma pauperis* (ECF No. 2) be denied as moot.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to

---

[3] While not necessary to explicate in light of the clarity of the doctrine of judicial immunity, the case is also subject to dismissal for an array of other reasons. For example, because judicial enforcement of a forum selection clause in a property settlement agreement is far from the conscience-shocking behavior required to trigger a substantive due process violation, Martinez v. Cui, 608 F.3d 54, 65 (1st Cir. 2010), and such clauses are generally enforceable, Pek v. Prots, 976 A.2d 1145, 1150 (N.J. Super Ch. 2008), a substantive due process claim cannot be based on the inclusion of such a clause in a property settlement agreement. Further, like the case dismissed in 2017, this case is subject to dismissal based on the lack of subject matter jurisdiction to the extent that its essence is to "obtain, alter, or end a divorce, alimony or custody decree." Irish v. Irish, 842 F.3d 736, 742 (1st Cir. 2016). And the claims are barred by *res judicata* because the same claims against the same defendants were previously dismissed on the merits, the Rooker-Feldman doctrine to the extent that they challenge the outcome of the state court proceeding, and the Eleventh Amendment to the extent that they seek money damages from the State. Uzamere, 2013 WL 5781216, at *9-10, 11-12.

appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
August 7, 2018